MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
**HANKIN PATENT LAW, PC**
A Professional Corporation
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Counsel for PLAINTIFF,
**MMAS RESEARCH LLC**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff<br><br>v.<br><br>JIMRO Co., Ltd.; Medical Corporation Tesshokai Japan; University of Tokyo; Nihon University School of Medicine; Mitsubishi Tanabe Pharma Corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-06329-CV-AJR<br><br>**PLAINTIFF'S STATUS REPORT PURSUANT TO ORDER (DKT #20)** |

Plaintiff MMAS Research LLC ("Plaintiff" or "MMAS") hereby submits to the Court this Status Report in response to the Court's Order (Dkt #20) requesting an update on the service of process upon Defendants JIMRO Co., Ltd., Medical Corporation Tesshokai Japan, University of Tokyo, Nihon University School of Medicine, and Mitsubishi Tanabe Pharm Corporation (collectively, "Defendants").

On July 10, 2025, Plaintiff filed its Complaint (Dkt. #1) against Defendants, all of whom are principally located within the country of Japan. On July 17, 2025, the Court issued Summonses as to all five Defendants at their corporate addresses (Dkt #13, #13-1, #13-2, #13-3, #13-4):

- Defendant JIMRO Co., Ltd. ("JIMRO") is located at 351-1 Nishiyokote-machi Takasaki-shi, Gunma 370-0021, Japan.

- Defendant Medical Corporation Tesshokai Japan (also known as Kameda Hospital) ("Medical Corporation Tesshokai") is located at 929 Higashi-cho Kamogawa City, Chiba Prefecture, Japan.

- 1 -

**PLAINTIFF'S STATUS REPORT PURSUANT TO ORDER (DKT #20)**

- Defendant University of Tokyo is located at 7 Chome-3-1 Hongo, Bunkyo City, Tokyo 113-8654, Japan.

- Defendant Nihon University School of Medicine ("Nihon") is located at 30-1, Oyaguchi Kami-cho, Itabashi-ku, Tokyo 173-8610, Japan.

- Defendant Mitsubishi Tanabe Pharm Corporation ("Mitsubishi") is located at 3-2-10 Dosho-machi, Chuo-ku, Osaka 541-8505, Japan.

Japan is a party to the Hague Convention of 15 November 1965 on the *Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. *Cf.* *https://www.hcch.net/en/instruments/conventions/status-table/?cid=17*. Accordingly, formal service was then attempted through the Hague Convention, which required: (a) translating all documents into Japanese, including the Summonses and Complaint; (b) sending two copies of each set of documents to be served, and their translations, to Japan's Central Authority, *i.e.,* the Ministry of Foreign Affairs (MOFA) in Tokyo; (c) waiting for the MOFA to review the materials for sufficiency – sometimes including page-by-page review of the translations for accuracy; (d) waiting for the MOFA to forward the request to the appropriate local court for each Defendant, whose clerk could also then review the materials and translations; and then (e) waiting for the courts to contact each Defendant or otherwise attempt to effectuate service.

In full, the process can take up to 6-8 months, or longer, including 60 days to complete service followed by 8-10 weeks for the official Certificate of Service to be returned to the United States by way of diplomatic pouch. *Cf.* Decl. of A. Beauvais, at ¶14 (Dkt #18-1)

After filing the Complaint, Plaintiff almost immediately began the onerous process of translating the documents into Japanese, including Summonses and Complaint. On August 5, 2025, one month after the Complaint was filed and less than three weeks after the Summonses were issued, Plaintiff hired Process Server One E-File Expert LLC to effectuate service under the Hague Convention. *See id*. at ¶¶3-7 (Dkt #18-1) On August 6, 2025, one day later, the process server mailed all five sets of two copies of the original and translated documents to the MOFA as required by the Hague Convention. *See* Decl. of A. Beauvais, at ¶¶8-9. (Dkt #18-1) Over the next four

months, the server followed up with the MOFA in Japan four times to inquire about the status – September 9, 2025, October 9, 2025, November 10, 2025, and December 10, 2025. Each time, no response was received. *See id.* at ¶¶10-13 (Dkt #18-1).

On December 18, 2025, the Court issued an Order to Show Cause (OSC) as to why the case should not be dismissed against Defendants for lack of prosecution. (Dkt #17)  On December 30, 2025, Plaintiff timely responded, laying out the above facts. (Dkt #18, 18-1) On February 5, 2026, the Court found Plaintiff's efforts sufficient, issued an Order discharging the OSC, and requested "a status report in 90 days if service has not yet been effectuated." (Dkt #20).

Since the Court's request for a Status Report, Plaintiff has received several updates.  On or about early March through early April, Plaintiff received "Proof of Service Returned Executed" for each of Defendants Nihon, JIMRO, and University of Tokyo.  Each Proof had attached a Certificate, in Japanese, with translation, noting that each Defendant had *ignored* their respective local Japanese Court's Letter of Demand to appear in court to pick up the documents by a certain date, or to provide an address to which the Court could mail the documents. Specifically, the Certificates stated:

- **Defendant University of Tokyo**: The Tokyo District Court's Office of Civil Affairs Court Clerk certified on November 18, 2025 that "An attempt was made [via Letter of Demand issued by the Court] to give notice to the addressee to appear at the Tokyo District Court by November 13, 2025 to pick up the documents or to request the Court to send the documents to [its] address. However, there was no answer by the due date." *See* Declaration of Marc E. Hankin at ¶3 ("Hankin Decl.") & **Exhibit 1**.

- **Defendant JIMRO**: The Maebashi District Court, Takasaki Branch's Clerk certified on December 23, 2025  that "An attempt was made [via Letter of Demand issued by the Court] to give notice to the addressee to appear at the Maebashi District Court by December 22, 2025 to pick up the documents or to request the Court to send the documents to his/her address.  However, there was no answer by the due date." *See* Hankin Decl., ¶4 & **Exhibit 2**.

- **Defendant Nihon:** The Tokyo District Court's Office of Civil Affairs Court Clerk certified on February 12, 2026 that "An attempt was made [via Letter of Demand issued by the Court] to give notice to the addressee to appear at the Tokyo District Court by January 8, 2026 to pick up the documents or to request the Court to send the documents to [its] address.  However, there was no answer by the due date." *See* Hankin Decl., ¶5 & **Exhibit 3**.

Thus, when the Japanese Ministry of Foreign Affairs, aided by two local Japanese

courts, attempted service on these Defendants, all three deliberately evaded service by turning their backs on the Court's Letters of Demand.

At this time, nothing had been received regarding the remaining two Defendants: Mitsubishi or Medical Corporation Tesshokai (Kameda Hospital).  Because service under the Hague Convention can take up to eight months, Plaintiff continued to wait a short period for the return of the two remaining Proofs of Service and Certificates. Subsequently, on or about April 30, 2026, Plaintiff's process server followed up with MOFA regarding the two remaining Hague Convention defendants, requesting a status update. *See* Hankin Decl., ¶6 & **Exhibit 4**.  A week later on or about May 7, 2026, MOFA responded, but only as to Mitsubishi:

> Regrading [sic] the request upon **Mitsubishi Tanabe Pharma Corporation**, please be informed that the Certificate of Service has arrived at our embassy in the U.S. and our colleagues are currently processing internally. According to the record, service was unsuccessful.

(*Id.*)  Return of the diplomatic pouch from Japan with the Certificates, will likely take 8-10 weeks from mailing.  Plaintiff expects the Certificate will contain a message similar to those of the University of Tokyo, JIMRO and Nihon.

The MOFA e-mail did not address Medical Corporation Tesshokai/Kameda Hospital.  Thus, on or about May 7, 2026, an agent of counsel for Plaintiff followed up with MOFA requesting an update as to the final Defendant, Medical Corporation Tesshokai/Kameda Hospital. *See* Hankin Decl., ¶7 & **Exhibit 5**.[1] As MOFA took approximately one week to respond to the April 30, 2026 email regarding Mitsubishi, counsel does not expect to hear back until after this Status Report is submitted.  Counsel expects to receive a similar message, and eventually a similar Certificate, as for the three Defendants it has already received.

Once Plaintiff receives a response from the MOFA, which will likely occur next week, Plaintiff plans to file a Motion for Alternative Service under Fed.R.Civ.P. 4(f)(3) upon some or all of the Defendants.

---

[1] The agent also inquired as to Nihon, at the time unclear as to whether that Certificate had been received.

PLAINTIFF'S STATUS REPORT PURSUANT TO ORDER (DKT #20)

Plaintiff respectfully requests that this Honorable Court permit Plaintiffs more time to try to get the remaining Defendants served, and if those attempts are not successful, Plaintiff seeks leave to file a Motion for Alternative Service to try to serve these five (5) entities in Japan by a less challenging and more successful method.

**Respectfully submitted,**

Dated:  May 8, 2026

_/Marc E. Hankin/_

MARC E. HANKIN (SBN: 170505)
E-Mail:  Marc@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Counsel for PLAINTIFF,
**MMAS RESEARCH LLC**

## CERTIFICATE OF COMPLIANCE PER L.R. 11-6.2

The undersigned Counsel of Record for MMAS RESEARCH LLC, certifies that this brief contains approximately 1,334 words, which complies with the word limit of L.R. 11-6.1.

/Marc E. Hankin/
Marc E. Hankin, Esq.

Attorneys for Plaintiff,
**MMAS RESEARCH LLC**

PLAINTIFF'S STATUS REPORT PURSUANT TO ORDER (DKT #20)